IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

WANDA FOWLER                                                        PLAINTIFF

vs.                          CASE NO. 1:07CV00011BSM

SHELTER MUTUAL INSURANCE                         DEFENDANTS
COMPANY, ET AL.

## ORDER

Plaintiff Wanda Fowler was injured in a motor vehicle accident on November 13, 2003, when the bus she was driving for Highland Public Schools was struck by a truck driven by Shannon Henry. At the time of the accident, Plaintiff had $250,000 in underinsured motorist ("UIM") insurance with Defendant Shelter Mutual Insurance Company. Plaintiff pursued this action against Shelter to recover UIM benefits after settling her claim with Henry's insurance carrier for the policy limits of $100,000.

*I. SHELTER'S MOTIONS IN LIMINE*

A.     <u>Evidence Re: Premium Payments</u>

In one of its motions in limine, Shelter asks the court to exclude all evidence regarding the amount of premiums paid by Plaintiff for her policy of insurance and to exclude the declarations page of the policy, which page shows the amount of available coverage under the UIM policy. (Doc. #50) Fowler does not contest Shelter's motion and states that she does not intend to introduce the evidence that Shelter seeks to exclude. (Doc. # 52) Therefore, Shelter's motion in limine on this point is granted.

B.     <u>Evidence Re: Medical Bills and Lost Wages</u>

In its other motion in limine, Shelter asks the court to exclude all evidence regarding

Plaintiff's medical bills and proof of lost wages. (Doc. #48)  In support of its motion, Shelter cites the court to *Southern Farm Bureau Cas. Ins. Co. v. Pettie*, 54 Ark.App. 79, 924 S.W.2d 828 (1996) for the proposition that a plaintiff in an underinsured motorist case cannot be reimbursed twice for the same damages. (Doc.# 49).  In response, Plaintiff essentially argues that she must prove her damages as an element of her case against Shelter, and that her medical bills and lost wages are necessary for her to show what her damages are.

In Arkansas, the model jury instruction for claims for underinsured motorist coverage is AMI 2303. This instruction provides that, when a plaintiff sues an insurance carrier for underinsured motorist coverage, the plaintiff must prove that: (1) the plaintiff has sustained damages; (2) the underinsured motorist was negligent; (3) the negligence was the proximate cause of the plaintiff's damages; (4) plaintiff had an underinsured motorist policy with the defendant on the day of the accident and (5) the underinsured motorist carried liability insurance in an amount insufficient to fully pay for the damages resulting form the accident. AMI 2303. The instruction is clear that Plaintiff must prove that, in her accident with Henry, she sustained damages in an amount greater than the amount of liability insurance possessed by Henry. It is also without question that Plaintiff's medical bills and lost wages are critical elements of her damages.

Shelter argues that it would be factually inappropriate to allow Plaintiff to submit her medical bills and lost wages because she has already received payment for them from Henry's liability carrier. This argument, however, fails to recognize that any damages the jury awards Plaintiff will be reduced by the $100,000 that Plaintiff received from Henry's insurance carrier. Therefore, Plaintiff will not receive a double recovery in the event that she sustains her burden of proof on liability. For these reasons, the court denies Shelter's motion in limine on this point.

## II. PLAINTIFF'S MOTION IN LIMINE

A.  Evidence Re: $100,000 Payment made to
    Plaintiff by Henry's Insurance Carrier

In her motion in limine, Plaintiff asks the court to exclude all evidence regarding the amount of money she received from Henry's liability carrier and from her employer's workers' compensation carrier because both are irrelevant. (Doc. #52) In response, Shelter cites the court to *Hartford Ins. Co. Of the Midwest v. Mullinax*, 336 Ark. 335, 341, 948 S.W.2d 812, 815 (1999)  In *Mullinax*, the Arkansas Supreme Court clearly held that "the obligation to pay underinsurance benefits could not be triggered until it is determined whether the insured is in fact underinsured. That necessarily entails knowing the extent of the insured's damages and the liability benefits that have been paid by the tortfeasor's carrier." *Id.*

Although the dicta of *Mullinax* seems to support Hartford's position that the amount of money paid to Plaintiff by Henry's insurance carrier is admissible, *Mullinax* is clearly distinguished from the present case. In *Mullinax*, the plaintiff and the tortfeasor entered into a phony consent judgment in the amount of _____. Because the tortfeasor was insured for only _____, the judgment had the effect of obligating the UIM carrier for the remaining _____ without a determination as to the extent of the plaintiff's damages. *Id.* at___ Although the plaintiff and the tortfeasor entered the phony consent order, they had a secret agreement that the plaintiff would never execute on the agreement but would only attempt to collect from the UIM carrier. *Id.*  Indeed, the secret actions of the plaintiff and the tortfeasor had the effect of binding the UIM carrier without its consent and against its will.

Unlike *Mullinax*, there have been no phony agreements in the present case. In fact, the

parties agree that Plaintiff received the policy limits of $100,000 from Henry's insurance carrier and that Shelter will be liable only for damages in excess of $100,000. As set forth in Section IB above, AMI 2303 is clear that Plaintiff must prove that, in her accident with Henry, she sustained damages in an amount greater than the amount of liability insurance possessed by Henry. The instruction does not require Plaintiff to show that she sustained damages in an amount greater than the amount "she actually received" from Henry's insurance provider.

Guided by a strict construction of the jury instruction, the court rules that to prove Plaintiff's case, one of the elements she must prove is the amount of insurance coverage possessed by Henry. Therefore, it is without questions that evidence regarding the amount of insurance possessed by Henry is admissible. The instruction, however, does not require Plaintiff to prove the amount of money received from Henry's insurance carrier and the court finds that the introduction of evidence on this point is irrelevant and would be introduced merely for the purpose of unduly prejudicing the jury. For this reason, Plaintiff's motion in limine is granted and Shelter is precluded from introducing any evidence tending to show the amount of money received by Plaintiff from Henry's insurance carrier.

B.      Evidence Re: Workers' Compensation Benefits Received by Plaintiff

The court finds that evidence regarding workers' compensation benefits received by Plaintiff are irrelevant and inadmissable. Nothing requires the introduction of evidence regarding these benefits and the court sees no purpose for their introduction except to unduly prejudice the jury. Therefore, Plaintiff's motion in limine on this point is granted.

*III. CONCLUSION*

Shelter's motion in limine (Doc. # 50) regarding premiums paid and the declaration page of the policy is granted; Shelter's motion in limine (Doc. # 48) regarding evidence of medical bills and lost wages is denied; Plaintiff's motion in limine (Doc. # 52) regarding the $100,000 payment received by Henry's insurance carrier is granted; and Plaintiff's motion in limine regarding workers' compensation benefits is granted.

IT IS SO ORDERED this 9th day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE